**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAURIE C. BARTUNEK,

      Plaintiff-Appellant,

v.

FRED MEYER, INC.,

      Defendant-Appellee.

No. 07-4055
(D.C. No. 2:04-CV-593-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

Plaintiff Laurie C. Bartunek appeals from the district court's order granting summary judgment to defendant Fred Meyer, Inc. on her claim for disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Bartunek was employed by Fred Meyer, Inc. for about 20 years, reaching the position of administrative assistant to the regional vice president of the company. Her last boss, Paul Hertz, was frequently away from the office in November and December 2002. Mr. Hertz became concerned because he could never reach Ms. Bartunek by phone when he was traveling. In December 2002 he had surveillance equipment installed over her work area—without her knowledge—to find out when she was working. Video tapes from the week of December 16, 2002, showed that Ms. Bartunek was not at her work area for all the time that she had claimed to be working. She was terminated on January 9, 2003, for falsifying her time records.

Ms. Bartunek filed suit, alleging that the reason Fred Meyer gave for her termination was a pretext for illegal disability discrimination because she had recently reported to the company that she suffered from a "temporary disability" caused by carpal tunnel problems and osteoarthritis of the knee, and that she probably would require knee surgery. Aplt. App. at 13. She later asserted that she had Mr. Hertz's permission to be away from her work area during the week of December 16, 2002, to prepare for the company Christmas party on Friday, December 20.

Fred Meyer moved for summary judgment, arguing that Ms. Bartunek never asserted that her temporary carpal tunnel condition interfered with her ability to perform her job, that it was therefore not a disability under the ADA, and that she

failed to state a prima facie case of discrimination. In conjunction with her response to Fred Meyer's motion, Ms. Bartunek filed a cross-motion for partial summary judgment. She conceded that she did not have an actual disability. She claimed, however, that Fred Meyer perceived or regarded her as having a long-term disability. To support this claim, she said that she was told that during the time that she would be unable to do her job due to surgery, she would be reassigned as a door greeter for less pay and with reduced hours, while another employee would take her usual position. The district court granted summary judgment to Fred Meyer because Ms. Bartunek conceded that she did not have an actual disability, because her perceived-disability claim was untimely raised, and because she did not establish a prima facie case of perceived disability in any event.

We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c). *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c). "We review the entire record on summary judgment de novo in the light most favorable to the party opposing summary judgment." *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000). As the nonmoving party, Ms. Bartunek "must proffer some

-3-

probative evidence that would be sufficient to sustain her burden of persuasion at trial, but she need not offer conclusive proof to the court in order to withstand summary judgment." *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1116 (10th Cir. 2007).

> To prevail on a regarded-as claim [under the ADA], a plaintiff must show that an employer has mistaken beliefs about the plaintiff's abilities: the employer must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. Moreover, the employer must mistakenly believe that the impairment substantially limits the employee *in one or more major life activities*.

*Jones v. UPS, Inc.*, 502 F.3d 1176, 1190 (10th Cir. 2007) (emphasis added; internal quotation marks and citation omitted).

On appeal Ms. Bartunek argues that the district court inappropriately granted summary judgment to Fred Meyer because the court (1) failed to weigh the evidence in the light most favorable to her, as the nonmoving party; and (2) improperly concluded that her defense to Fred Meyer's summary judgment motion was an untimely raising of a new cause of action.

We are unpersuaded. Ms. Bartunek does not challenge, except in conclusory fashion, the district court's determination that her claim of a perceived disability was untimely raised. Moreover, she has not pointed to evidence that would support that claim. *See Riggs*, 497 F.3d at 1116. In particular, she has never identified a major life activity that Fred Meyer believed to be limited by her

alleged perceived disability.  *See Jones*, 502 F.3d at 1190.  We reject her argument that because a Fred Meyer human-resources employee gave her a workers' compensation form for a work-related injury, Fred Meyer demonstrated that it perceived her as having a disability within the meaning of the ADA; one may have a work-related injury without being disabled.

We AFFIRM the judgment below.

Entered for the Court


Harris L Hartz
Circuit Judge