**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFREY CHEEK; ALVIN DOTY,

      Plaintiffs-Appellants,

v.

CITY OF EDWARDSVILLE,
KANSAS; JOHN BROMAN;
JENNIFER BURNETT; TIM KELLY;
DOUG SPANGLER; LLOYD BETH,

      Defendants-Appellees.

No. 07-3341
(D.C. No. 2:06-CV-02210-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Plaintiffs Jeffrey Cheek and Alvin Doty, former police officers with the

City of Edwardsville (City), filed suit under 42 U.S.C. § 1983, alleging they were

discharged because they cooperated with the Kansas Attorney General (AG) in an

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

investigation into public corruption by City officials. They also brought state-law claims asserting that the City breached its employment contracts with them by failing to pay severance benefits. The district court entered summary judgment in favor of defendants on plaintiffs claims that they were discharged in violation of their First Amendment right to freedom of speech. *Cheek v. City of Edwardsville*, 514 F. Supp. 2d 1220 (D. Kan. 2007). In a separate order, the district court granted summary judgment to defendants on plaintiffs' breach-of-contract claims. *Cheek v. City of Edwardsville*, 514 F. Supp. 2d 1251 (D. Kan. 2007). The court later denied plaintiffs' motion to alter or amend the judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

The district court provided a detailed summary of the facts and procedural history involved in this case, and we need not restate that material here. Briefly, plaintiffs were City police officers who were promoted to the newly-created position of major in 2004. As majors, their job duties included investigating criminal cases and internal affairs. Plaintiffs and other City officers regularly sought assistance from outside law-enforcement agencies, such as the Kansas Bureau of Investigation or the Federal Bureau of Investigation. At the relevant time, defendant Spangler was the City Administrator, and defendants Broman, Burnett, and Kelly were members of the City Council. Defendant Beth was

appointed Interim Police Chief to replace Police Chief Steve Vaughan while the corruption investigation was pending.

In late 2005 or early 2006, plaintiffs discovered evidence that Chief Vaughn and Councilman Kelly had improperly influenced criminal and traffic charges in order to help their friends and relatives. The standard procedure was to report these allegations to the Chief of Police, but given the fact that he was implicated, plaintiffs instead decided that the best procedure was to have a police-union representative report the allegations to the Kansas AG. In February and March of 2006, both plaintiffs provided information to the AG's office concerning the investigation. The City Council discharged plaintiff Cheek on May 8, 2006; the Kansas AG's office filed criminal charges against Chief Vaughan and Councilman Lane on July 28, 2006; and the City Council discharged plaintiff Doty on September 28, 2006.[1] Plaintiffs filed suit asserting that they were fired in retaliation for exercising their First Amendment right to free speech. Plaintiffs also brought state-law claims for breach of contract based on the City's refusal to honor the clause in each plaintiff's contract providing for severance pay equal to two years' salary upon discharge.

The district court granted summary judgment in defendants' favor on plaintiffs' § 1983 claims, holding "as a matter law that plaintiff Cheek and Doty's

---

[1] Defendants Broman, Burnett, and Kelly voted to discharge plaintiff Cheek. Plaintiff Doty does not identify the Council members who voted to discharge him.

speech was made pursuant to their official duties rather than as citizens, and therefore that speech is not entitled to protection under *Garcetti* [*v. Ceballos*, 547 U.S. 410 (2006)]." *Cheek*, 514 F. Supp. 2d at 1232. *Garcetti* held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421. In a separate memorandum and order, the court granted summary judgment to defendants on the contract claims, primarily because the severance provision was not enacted as an ordinance, as required by a Kansas statute, Kan. Stat. Ann. § 15-204 (applying to cities of the third class, such as the City of Edwardsville). *Cheek*, 514 F. Supp. 2d at 1255-56.

On appeal, plaintiffs assert that they participated in the investigation conducted by the Kansas AG as citizens, not as police majors, so their speech falls outside *Garcetti*'s purview and is entitled to constitutional protection. They argue that they did not initiate an investigation, interview witnesses, or otherwise gather evidence regarding City officials' illegal conduct. They further contend that their contact with the AG's office was not part of their job duties and was not included in their job descriptions. For their breach-of-contract claims, plaintiffs maintain that the district court erred in holding that the severance provisions were not enforceable because they were enacted by resolution, rather than by

ordinance. They point out that the City set the salaries of many City employees by resolution.

*Standards of Review*

"We review the district court's grant of summary judgment for the City de novo, applying the same legal standard as the district court." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Furthermore, because this case involves the First Amendment, we have an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1201 (10th Cir. 2007) (quotation omitted). We also review de novo the district court's application and interpretation of Kansas state law. *Copeland ex rel. Copeland v. Toyota Motor Sales U.S.A., Inc.*, 136 F.3d 1249, 1250 (10th Cir. 1998).

*Discussion*

Among plaintiffs' challenges to the summary judgment on their First Amendment claims is their contention that the district court failed to give adequate consideration to this circuit's recent application of *Garcetti* in *Casey v.*

-5-

*West Las Vegas Independent School District*, 473 F.3d 1323 (10th Cir. 2007).

Plaintiffs assert that in *Casey* this circuit developed a distinction between an internal-agency report, which is not protected speech, and a report to an outside investigative agency, which commands constitutional protection. But even assuming for the sake of argument that the Kansas AG's office qualified as an outside agency in this case, *Casey* does not stand for the blanket proposition that any report to an outside agency is entitled to protection under the First Amendment.

In *Casey*, the plaintiff was the superintendent of schools who also supervised the state's Head Start Program. She directed a subordinate to report violations of the Head Start qualifying-income regulations to the federal Head Start agency, and she reported violations of the state open-meetings law to the state attorney general. 473 F.3d at 1326. Because the report to the Head Start agency was part of the plaintiff's job responsibilities, it was not entitled to First Amendment protection. *Id.* at 1329-32. In contrast, her report to the attorney general of open-meetings violations "fell sufficiently outside the scope of her office to survive even the force of the Supreme Court's decision in *Garcetti*." *Id.* at 1332-33. Plaintiffs argue that intra-agency reporting is not protected, while a report to an outside agency is protected, but *Casey*'s rationale was based not on the nature of the agency, but on the nature of the plaintiff's job duties. Having reviewed *Casey* in light of plaintiffs' claims, we conclude that the district court's

failure to discuss *Casey* in a substantive manner is not reversible error because, as explained above, *Casey* does not support plaintiffs' argument that it is the nature of the agency that determines whether the speech at issue is protected.

As for plaintiffs' remaining arguments, we have carefully considered them in light of the record on appeal, the parties' briefs, and the relevant law. Applying the standards set out above, we conclude that plaintiffs have not identified any reversible error in this case. Accordingly, we affirm the district court's comprehensive and thorough orders granting summary judgment in favor of defendants for the reasons stated in its published memoranda and orders filed August 24, 2007, and October 1, 2007, *Cheek*, 514 F. Supp. 2d 1220; *Cheek*, 514 F. Supp. 2d 1251, as well as in its unpublished order filed November 21, 2007, denying plaintiffs' motion to alter or amend the judgment.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge