**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAYNE R. MEACHAM,

      Plaintiff-Appellant,

v.

LISA CHURCH, Director, Utah
Department of Human Services; GENIAL
EVERSON, DIANE KERNEY, Social
Workers; DUANE BETOURNEY,
Director, Utah Division of Child and
Family Services; BONNIE KEOUGH,

      Defendants-Appellees.

No. 11-4161
(D.C. No. 2:08-CV-00535-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Pro se plaintiff Layne R. Meacham appeals from the district court's order and

judgment that granted summary judgment in favor of defendants on Meacham's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

claim for loss of employment.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we do not repeat them in detail. In mid-December 2007, Meacham was hired as a therapist by Futures Through Choice (Futures), a private, non-profit company that serves developmentally-disabled youths and adults. Slightly more than two weeks after Meacham was hired, he was accused of improper conduct by a juvenile patient. A staff member of Futures told Ben Horman, the clinical director, about the matter. In early January 2008, Horman placed Meacham on paid leave, while law enforcement and child protective services investigated.

Horman then had a telephone conversation with defendant Bonnie Keough, a state employee and the case manager for the juvenile who accused Meacham of wrongdoing. During their discussion about whether the youth should continue to reside at Futures, Keough asked Horman if he had access to Utah's SAFE database, which contains information related to investigations conducted by the department of child and family services. When Horman said he did not, Keough talked to her supervisor about whether she could access the database and share the information with Horman. Despite being told no by her boss, Keough eventually admitted that

---

[1]     Earlier in the case, the district court granted summary judgment to defendants on Meacham's claims for injunctive and declaratory relief, including damages. Meacham does not appeal that order.

she looked at the database; however, she denied telling Horman or anyone else that Meacham's name was in the database.

In late January 2008, law enforcement completed its investigation and informed Meacham there would be no charges. Child protective services completed its investigation in late February, and told Meacham that the "case has been closed as unsupported." R. Vol. 2 at 222. According to Horman, he telephoned Meacham and invited him to return to Futures, but Meacham declined. Meacham, on the other hand, said he never got a call from Horman. In any event, the record shows that not long after he was placed on paid leave, Meacham moved on to other work. More to the point, there is no evidence that Meacham asked to return to Futures or that he was fired.

Meacham pled a stigma-plus claim based on the theory that Keough caused his employment relationship with Futures to unravel when she told Horman that Meacham's name was on the SAFE database. Setting aside the fact that this theory does not jibe with the facts, summary judgment was proper for the simple reason that Meacham failed to make a sufficient showing on an essential element of his claim to defeat summary judgment, namely that Keough made a false statement of fact.

We review the district court's grant of summary judgment de novo. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Judgment as a

matter of law is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof." *Shero*, 510 F.3d at 1200.

A false statement is an essential element of a stigma-plus claim. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004) (holding that to prove a stigma plus claim, a plaintiff must demonstrate, among other things, that "the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false").[2] Meacham never alleged that his name was not in the SAFE database. More to the point, his name is in the database.

Meacham argues that the district court erred in excluding an affidavit as inadmissible hearsay and ignoring another affidavit and a disciplinary letter issued to Keough. We need not address these arguments because none of this evidence changes the fact that Meacham did not, and cannot, prove an essential element of his stigma-plus claim.

---

[2]      Meacham also pled a claim for intentional interference with economic relations (his employment with Futures) under Utah law. The district court granted summary judgment on this claim because Meacham failed to come forward with any evidence of damages. R. Vol. 2 at 413 citing *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 331 (Utah 2005) ("To succeed on such a claim, a plaintiff must demonstrate that (1) . . . the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff" (internal quotation marks omitted)). On appeal, Meacham never develops any argument concerning the state-law claim.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge