**FILED**
                                                                    **United States Court of Appeals**
**UNITED STATES COURT OF APPEALS**                                          **Tenth Circuit**

**FOR THE TENTH CIRCUIT**                                            **January 16, 2015**

                                                                    **Elisabeth A. Shumaker**
                                                                        **Clerk of Court**

HINA A. BAIG,

       Plaintiff - Appellant,

v.                                                          No. 14-3128
                                                    (D.C. No. 2:13-CV-02627-CM-JPO)
CHRIS HARGIS, in his individual and                         (D. Kan.)
official capacity,

       Defendant - Appellee.

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

---

Hina A. Baig brought this civil rights action under 42 U.S.C. § 1983 against

police officer Chris Hargis for unlawful arrest without probable cause.  She now

appeals from an order granting Officer Hargis' motion to dismiss on grounds of

failure to state a claim and qualified immunity.  On de novo review, *see Shero v. City

of Grove, Okla.*, 510 F.3d 1196, 1200 (2007), we reverse and remand.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**GUIDING LEGAL PRINCIPLES**

Two clearly established mandates of the Fourth Amendment govern our analysis. First and foremost, an arrest must be supported by probable cause. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). Probable cause exists if facts and circumstances known by an officer through reasonably trustworthy sources "are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (internal quotation marks omitted). Secondarily, an officer has an obligation to investigate easily accessible facts relevant to the probable cause determination. *Cortez v. McCauley*, 478 F.3d 1108, 1117 (10th Cir. 2007).

Because Officer Hargis has invoked qualified immunity, a second layer of analysis is implicated. If we hold that he violated Ms. Baig's Fourth Amendment rights, we must then determine whether that violation would have been evident to a reasonable officer in light of clearly established law. *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). "As a practical matter, we implement this standard by asking whether there was arguable probable cause for an arrest—if there was, a defendant is entitled to qualified immunity." *Id.* (internal quotation marks omitted).

In our de novo review we assume the truth of the well-pleaded factual allegations in the complaint and give the plaintiff the benefit of any reasonable inferences therefrom. *Hernandez v. Ridley*, 734 F.3d 1254, 1258 (10th Cir. 2013). This, of course, subjects the defendant to a more challenging standard of review than would govern on summary judgment, when the plaintiff cannot rest on pleadings but

- 2 -

must establish a constitutional claim and oppose qualified immunity through evidentiary demonstration. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Based on the relevant factual allegations in Ms. Baig's complaint, summarized below, we conclude that Officer Hargis violated her Fourth Amendment rights by arresting her without probable cause—given her patent dissimilarity to a female suspect who shared only her Asian ancestry, as well as his failure to seek readily available confirmation of his error before escalating what might have been a brief inoffensive detention to a handcuffed arrest—and that a reasonable officer in his position would have been aware of the violation.

## SUMMARY OF RELEVANT FACTUAL ALLEGATIONS

Shortly after 6:00 p.m. on June 26, 2013, a loss prevention officer (LPO) at a Macy's store in Leawood, Kansas, reported suspicious activity in the store to the Leawood Police Department, which dispatched Officer Hargis to the scene. The following information supplied by the LPO was relayed by the police dispatcher to Officer Hargis before he arrested Ms. Baig.

Three suspects, one male and two females, were removing sensor tags off of clothing. One of the women was described as possibly Asian, wearing a peach shirt, jean shorts, and flip-flops.[1] She had her hair pinned up in back, wore sunglasses on her head, and carried a plaid burgundy Burberry purse. The two women went into

---

[1] The other female, described as white, wearing all black clothing, and carrying a large white purse, is not relevant to the disposition of this case.

- 3 -

fitting rooms. The LPO indicated that he intended to wait until they left the fitting rooms and then approach them. Minutes later, the Asian woman exited the fitting rooms by herself, with her purse full of items.

By 6:34 p.m., the Asian woman and the male suspect were talking on their phones near the south door of the store. After a short time, the male reportedly went into the fitting rooms with her—a reference most plausibly understood to refer to the Asian female suspect with whom he had been standing. A minute later, the male was reported to be in the hallway of the fitting rooms. At no point did anyone state or suggest that any of these closely-watched suspects had left the store.

At this time, about 6:37 p.m., Ms. Baig left the store and walked toward her car. She wore full-length grey dress slacks (not jean shorts), a salmon/pink shirt with gray dots (not a peach shirt), and leather sandals (not flip-flops). She wore her hair down, extending to the middle of her back (not pinned up), did not wear sunglasses (on her head or face), and held a brown (not plaid burgundy) purse. Notwithstanding the mismatch as to virtually every aspect of the suspect's description aside from her Asian ancestry, Officer Hargis followed Ms. Baig to her car while another officer who had recently arrived at the scene stopped his vehicle behind her car to prevent her from pulling out. She got into her car and locked the door.

Officer Hargis found he could not open the door and told Ms. Baig to do so. As she lowered the window to tell him the door was locked, he tried to put his arm through the window to unlock it. She unlocked the door, asked what was going on,

and got out of the car. Without confirming whether any of the suspects had even left the store, Officer Hargis handcuffed her arms behind her back, took her cell phone, and told her she was under arrest. He told dispatch that he had detained Ms. Baig. In a little over a minute dispatch informed him that all three suspects were still in the store by the fitting rooms and that he had the wrong person. Officer Hargis uncuffed Ms. Baig and released her without apology.

## DISPOSITION

The threshold constitutional question that we engage de novo here is whether, on the allegations in the complaint, Officer Hargis had reasonable grounds for believing that Ms. Baig was the suspect described by dispatch when he arrested her. Given the mismatch between Ms. Haig and that description, we hold that he did not. Allowances for overlooking some of the particular discrepancies might be made in piecemeal fashion, which is how the district court approached the case. But the difference between jean shorts and gray dress slacks is too obvious to overlook—and even more so when considered in combination with the many other dissimilarities in dress, hair, and accessories. A reasonable officer would not ignore all of these indications that he had the wrong person and make a hasty ill-founded arrest.

We emphasize that there were no exigent circumstances possibly making Ms. Baig's arrest a reasonable precaution notwithstanding her mismatch with the described suspect. There is no indication she would or could have attempted to get away from Officer Hargis. Rather, she voluntarily joined him outside her car, which

was in any event blocked in its parking space by another officer's vehicle. Officer Hargis could simply have detained her momentarily until easily determining that the Asian female suspect was still in the store. He could also have asked for permission to check her bag for the many stolen items the Macy's LPO said the suspect had taken. Instead, he chose to handcuff and arrest her immediately.

As for qualified immunity, we must consider whether Officer Hargis at least had "arguable probable cause" to arrest Ms. Baig. Again, the alleged facts refute such a characterization. At most, he may have had arguable grounds for briefly detaining Ms. Baig to confirm what appearances should have told him, i.e., that she was not the suspect under surveillance in the store. His failure to follow even that reasonable course undermines his entitlement to qualified immunity.

We reach these conclusions under the clearly established legal principles set out earlier. Locating a prior case involving circumstances "factually similar or identical" to those involved here is not necessary. *Thomas*, 765 F.3d at 1194 (internal quotation marks omitted); s*ee also Klen v. City of Loveland, Colo.*, 661 F.3d 498, 511 (10th Cir. 2011). It is enough that the unconstitutional nature of Officer Hargis' conduct would have been apparent to a reasonable officer confronting the situation he faced. *See Thomas*, 765 F.3d at 1194; *Klen*, 661 F.3d at 511. In that regard, it should have been clear to any reasonable officer that arresting a person who plainly does not match the description of a suspect related to him minutes earlier is a violation of that person's Fourth Amendment rights—and that is doubly true when

easy confirmation of the error is readily available and exigent circumstances necessitating an immediate arrest are not present.

Finally, we emphasize that reversing the dismissal of this case at the pleading stage does not foreclose Officer Hargis from reasserting a qualified immunity defense at the summary judgment stage. The factual record developed on summary judgment may be different and/or more complete in material respects as compared with the allegations in the complaint controlling our disposition here.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this order and judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge