FILED
United States Court of Appeals
Tenth Circuit

September 15, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

PHILIP E. STETZEL,

      Plaintiff - Appellant,

v.

TIFFANI HOLUBEK,

      Defendant - Appellee.

No. 16-1006
(D.C. No. 1:14-CV-01875-MEH)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

     Phillip Stetzel, a prisoner in the custody of the Colorado Department of

Corrections, filed a complaint against legal assistant Tiffani Holubek and others, alleging

various violations of his civil rights. The United States District Court for the District of

Colorado dismissed all of Stetzel's claims as legally frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i), except for his retaliation claim against Holubek. Later the district

court held that Holubek was entitled to qualified immunity and granted her motion for

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

summary judgment on the retaliation claim, dismissing the case with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we grant Stetzel's motion to proceed *in forma pauperis*, and we reverse the court's grant of summary judgment because factual disputes exist on whether Holubek retaliated against Stetzel for his grievances by filing a fabricated incident report against him.[1]

Holubek was responsible for providing prisoners at the Arkansas Valley Correctional Facility with law-library access. Stetzel filed at least eight informal grievances against her, all of which were denied. At Stetzel's request he met with Holubek and the correctional facility's programs supervisor on April 18, 2014. After the meeting, she submitted an incident report complaining of his behavior at the meeting. This led to a disciplinary hearing resulting in his receiving 20 days of punitive segregation. He was then transferred to a different facility.

Because Stetzel is proceeding pro se, we liberally construe his pleadings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and address all the arguments we can discern in his brief. In doing so, however, we are mindful to avoid assuming the role of his attorney. *See id.* We review a grant of summary judgment de novo, applying the same legal standard that the district court is to apply. *See Rock v. Levinski*, 791 F.3d 1215, 1219 (10th Cir. 2015). Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We view the evidence and draw

---

[1] Stetzel asks us to strike Holubek's answer brief as untimely, but it was filed on time.

reasonable inferences in the light most favorable to the nonmovant." *Rock*, 791 F.3d at 1219 (brackets and internal quotation marks omitted).

On appeal Stetzel argues that Holubek was not entitled to qualified immunity on the retaliation claim and that the district court should not have dismissed his other claims. We do not address the merits of the dismissal of his other claims, which are against other defendants, because his notice of appeal named only the district court's grant of summary judgment to Holubek as the subject of the appeal and listed only Holubek as a defendant. We therefore lack appellate jurisdiction over the dismissed claims. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) (no appellate jurisdiction over the dismissal of a claim that was not mentioned in the notice of appeal).

Although Stetzel describes his remaining claim as one under the Eighth Amendment, we agree with the district court that it is properly characterized as a First Amendment retaliation claim. A First Amendment retaliation claim requires proof of the following elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007). The essence of the claim that Stetzel pursues on appeal is that Holubek submitted a false incident report regarding his behavior at the April 18 meeting in retaliation for his having filed grievances against her.

3

The district court granted summary judgment on the grounds that Stetzel had not provided evidence of elements 2 and 3. It said that Stetzel failed on both elements because he did not "show that [Holubek] had a deciding role in filing a charge against him[:] she did not participate in writing the charge or hearing it; and it was appealed and affirmed without her involvement." Aplt. App., Vol. I at 440 (order granting defendant's motion for summary judgment). But this reasoning is contrary to our decision in *Pierce v. Gilchrist*, 359 F.3d 1279, 1291–93 (10th Cir. 2004), which held that an expert's falsely reporting that a suspect's hair matched hair found at the crime scene was sufficient to state a claim under 42 U.S.C. § 1983 for malicious prosecution. Even though the expert argued that she was not responsible for the suspect's arrest and prosecution, we held that her actions caused the later deprivation of his constitutional rights. *See id.* at 1292. Holubek does not dispute that the only basis for Stetzel's disciplinary proceeding was the incident report that she prepared. As in *Pierce*, she cannot "hide behind" the actions of others who were also involved in the proceedings. *Id.* at 1293 (internal quotation marks omitted).

Alternatively, Holubek argues on appeal that Stetzel failed to produce sufficient evidence that she had a retaliatory motive. We disagree. "[A]n official's retaliatory intent rarely will be supported by direct evidence of such intent." *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 848 (10th Cir. 2005) (internal quotation mark omitted). Here, Stetzel submitted an affidavit in support of his response to her motion for summary judgment, stating that he never did what was alleged in her incident report. In resolving a motion for summary judgment we ordinarily must accept sufficiently specific assertions

in an affidavit as true; and Holubek has not raised any grounds for rejecting the affidavit's assertions, such as the limitations imposed by *Heck v. Humphry*, 512 U.S. 477 (1994). Stetzel therefore has provided sufficient evidence of retaliatory motive through the temporal proximity of the grievances to the incident report, *see Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (plaintiff sufficiently pleaded that action was in retaliation for his filing grievances by reciting facts indicating "that Defendants were aware of his protected activity, that his protected activity complained of Defendants' actions, and that the transfer was in close temporal proximity to the protected activity"), and the absence of any other explanation for the alleged fabrication.

Finally, Holubek argues on appeal that even if there was a violation, she is entitled to qualified immunity because the law was not clearly established. Again, we disagree. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Tenorio v. Pitzer*, 802 F.3d 1160, 1163–64 (10th Cir. 2015) (internal quotation marks omitted). But "[t]he degree of specificity required from prior case law depends in part on the character of the challenged conduct. The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce*, 359 F.3d at 1298. We examine "whether the law put officials on fair notice that the described conduct was unconstitutional." *Tenorio*, 802 F.3d at 1164 (internal quotation marks omitted). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v.*

5

*Pelzer*, 536 U.S. 730, 741 (2002). In *Pierce* we held that the expert's constitutional violation was clearly established even though, unlike prior cases, the expert's conduct occurred after the plaintiff had been arrested and placed in custody. *See* 359 F.3d at 1298–99. We wrote, "There is no moral, constitutional, common law, or common sense difference between providing phony evidence in support of an arrest and providing phony evidence in support of continued confinement and prosecution." *Id.* at 1299. By the same token, we cannot distinguish providing false evidence in support of prison discipline. *See Scott v. Churchill,* 377 F.3d 565, 571–72 (6th Cir. 2004) (rejecting a prison guard's claim that he was entitled to qualified immunity in retaliating against a prisoner's grievance by filing a false misconduct charge). Holubek, assuming she acted as Stetzel has sworn (which, at this stage of the proceedings, we must), was on fair notice of the constitutional prohibition against her conduct.

The district court's grant of summary judgment on Stetzel's retaliation claim against Holubek is REVERSED and REMANDED for further proceedings. We GRANT Stetzel's request to proceed *in forma pauperis*. We remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Harris L Hartz
Circuit Judge