**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

WILLIAM N. GRIFFIN,

    Plaintiff - Appellant,

v.

DANIEL A. BRYANT, individually and in
his capacity as attorney for the Village of
Ruidoso; DANIEL A. BRYANT, PC,
a New Mexico professional corporation;
GUS R. ALBORN, individually and in his
capacity as Mayor for the Village of
Ruidoso; DEBI LEE, individually and in
her capacity as Manager of the Village of
Ruidoso; IRMA DEVINE, individually and
in her capacity as Clerk for the Village of
Ruidoso; VILLAGE OF RUIDOSO,
a municipal corporation,

    Defendants - Appellees.

No. 16-2164
(D.C. No. 2:13-CV-00799-JB-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

---

   [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William N. Griffin, an attorney representing himself pro se, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his First Amendment rights. He sought damages as well as declaratory and injunctive relief. His claims arose out of his three requests to be placed on the Village of Ruidoso Village Council[1] meeting agenda to discuss his belief that a permit issued by the Village of Ruidoso was not in compliance with Federal Emergency Management Agency regulations. Although Mr. Griffin was not placed on the meeting agenda, he did have the opportunity to address the Council during the "Public Input" portion of the Council meetings. On four occasions, he did speak during the Public Input portion of the Council meetings.

The district court granted summary judgment in favor of the defendants on almost all of Mr. Griffin's claims.[2] Mr. Griffin now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Discussion

---

[1] The "Village Council" is also identified as the "Governing Body" or "Council" in the materials submitted to the district court. We will use these terms interchangeably in this decision.

[2] The district court denied summary judgment on Mr. Griffin's claims for declaratory and injunctive relief related to a restriction in the applicable Village of Ruidoso Village Council Resolution's guidelines for the Public Input portion of the Council meeting. The restriction at issue stated that during the Public Input portion of the meeting, "no negative mention will be made of any Village personnel, staff or the governing body." Aplt. App., Vol. I at 28 (internal quotation marks omitted). The district court declared that restriction unconstitutional and enjoined further enforcement of it. The defendants have not appealed from the district court's decision granting this relief.

The parties are familiar with the facts and we will not repeat them here, except as relevant to our analysis. We review de novo the district court's grant of summary judgment, applying the same legal standard as the district court. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Initially, we note that Mr. Griffin asserts, for the first time on appeal, that the district court erred in granting summary judgment without the benefit of discovery. This argument is forfeited because Mr. Griffin failed to raise it before the district court.[3] *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). Although we may entertain forfeited theories on appeal, we will only do so "if the appellant can satisfy the elements of the plain error standard of review." *Id*. at 1130. Here, however, Mr. Griffin has not even attempted to argue plain error. "And the failure to do so—the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court." *Id*. at 1131.

We next note that Mr. Griffin's opening brief does not challenge the district court's decision to grant summary judgment on his second cause of action (asserting

---

[3] In fact, after the defendants moved to stay discovery, Mr. Griffin agreed to the stay in his response to the motion. The district court noted in its order that because Mr. Griffin did not contest the motion, it would grant the motion and stay discovery. Mr. Griffin never requested that discovery be reopened nor did he argue in response to summary judgment or in his objections to the magistrate's recommended disposition that the district court should not rule on the motion without discovery.

that the defendants conspired to violate his First Amendment rights), his third cause of action (seeking declaratory relief that the provision regarding agenda placement is void for vagueness) or on his fourth cause of action (seeking injunctive relief requiring all citizen agenda placement requests be honored). Likewise, he does not challenge the district court's decision to grant summary judgment in favor of defendants Daniel A. Bryant and Daniel A. Bryant, P.C. (the "Bryant Defendants") based on the law of the case doctrine.[4] He has therefore waived consideration of all of these issues. *See Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) (explaining that "[t]he failure to raise an issue in an opening brief waives that issue" (internal quotation marks omitted)).

Mr. Griffin's opening brief focuses on his first cause of action—that the defendants violated his First Amendment rights when they denied his request to speak during the agenda portion of the relevant Council meetings. As the magistrate judge explained in his recommended disposition, a council's refusal to put a citizen on the agenda oftentimes operates as a denial of an opportunity to speak at the meeting. *See* Aplt. App., Vol. II at 63-64. But, in this case "it had no such effect."

---

[4] All of the other defendants, except for the Bryant Defendants, joined in filing one motion for summary judgment. After the district court granted summary judgment in favor of those defendants, Mr. Griffin filed an appeal. That appeal was ultimately dismissed for lack of jurisdiction because the claims against the Bryant Defendants remained pending. After the dismissal, the Bryant Defendants moved for summary judgment. In the motion, they argued that Mr. Griffin's claims had been fully adjudicated when the district court granted summary judgment in favor of the other defendants. The Bryant Defendants therefore argued that the "law of the case doctrine" should govern the claims against them and judgment should be entered in their favor. The district court agreed and granted the motion.

*Id*. at 64. "Instead, regardless of whether an individual or topic was 'on the agenda,' a citizen was permitted to address the council during the 'Public Input' time." *Id*. It is undisputed that Mr. Griffin did address the Council on several occasions during the Public Input portion of the meeting. The magistrate judge therefore explained that "the denial of [Mr. Griffin's] request to be placed on the agenda did not exclude him from speaking on his selected topic at the council meeting." *Id*. The district court agreed with the magistrate judge, concluding that "Griffin presented no evidence of infringement on his First Amendment rights, because he was never barred from any Governing Body meeting nor prevented from speaking at one." *Id*. at 184.

The crux of Mr. Griffin's argument for reversal is that the agenda portion of the Council meeting and the Public Input portion of the same meeting are separate forums[5] that need to be analyzed separately for First Amendment purposes. But he offers no case where a court has held that one continuous council meeting with the same audience should be treated as two different forums.

The magistrate judge considered this two-forum argument, but identified a significant flaw in Mr. Griffin's logic. In order to maintain the position that the agenda portion and the Public Input portion are two separate forums, Mr. Griffin had

_____

[5] The Supreme Court has recognized three types of forums that may exist on government property: traditional public forums, designated public forums and nonpublic forums. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985). "[T]he [Supreme] Court has [also] used the term 'limited public forum' to describe a type of nonpublic forum." *Summum v. Callaghan*, 130 F.3d 906, 914 (10th Cir. 1997). Restrictions on speech are analyzed differently depending on the forum. *See PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1204 (10th Cir. 2002).

5

to assert in his response to summary judgment that "[his] target audience . . . was the Village Council agenda itself." *See id*., Vol. II at 17. But, as the magistrate judge explained,

> the agenda is not an 'audience.' The Council members and the other citizens at the meeting are the audience. And, notwithstanding the fact that he was not placed on the agenda, he was permitted to address both of those audiences on his selected topic in the forum of the council meeting. Thus, the council's refusal to place [Mr. Griffin] on its agenda, in and of itself, was not a restraint on his speech.

*Id*., Vol. II at 65.

Before the district court, Mr. Griffin also complained about certain differences between the Public Input portion and the agenda portion of the Council meeting. In his opening brief, Mr. Griffin does compare the guidelines governing placement on the agenda with those pertaining to speaking during the Public Input portion. It is not clear whether this is a challenge to the Public Input restrictions, but we agree with the district court "that the only cognizable restriction Griffin suffered by the Governing Body not placing him on the agenda was the imposition of a five-minute time limit applicable to the public input period but not to the regular agenda." *Id*. at 185. We upheld the constitutionality of a similar time limit in *Shero*, 510 F.3d at 1203, concluding that the "three-minute time limitation imposed on [the appellant's] speech [during the city council meeting] was a restriction appropriately designed to promote orderly and efficient meetings." We therefore agree with the district court that the

five-minute time limit for the Public Input portion of the Council meeting was not an unconstitutional restriction on Mr. Griffin's speech.[6]

Although Mr. Griffin obviously had a preference for speaking during the agenda portion of the meeting as opposed to the Public Input portion of the meeting, we agree with the district court that the defendants did not violate his constitutional rights by denying his request to speak on the agenda and instead requiring him to speak during the Public Input portion of the meeting.[7] As the Supreme Court has explained, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any matter that may be desired." *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981).

II.  Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[6] We also note that, on one occasion, the Council increased Mr. Griffin's time for speaking during the Public Input portion to ten minutes.

[7] Because we conclude that Mr. Griffin was not restrained from speaking during the Council meeting and that the time limit on his speech during the Public Input portion of the meeting satisfies the strict scrutiny standard under our decision in *Shero*, we need not decide whether the Council meeting is a designated public forum or a limited public forum. *Shero*, 510 F.3d at 1203.

7