FILED
United States Court of Appeals
Tenth Circuit

May 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRINE HEARRON,

      Plaintiff-Appellant,

v.

VOITH INDUSTRIAL SERVICES,
INC., f/k/a Premier Manufacturing
Support Services, Inc.,

      Defendant-Appellee.

No. 11-3355
(D.C. No. 2:10-CV-02422-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Jerrine Hearron is a former employee of defendant Voith Industrial Services, Inc. ("Voith"). Proceeding pro se, Ms. Hearron appeals from the district court's grant of summary judgment to Voith on her claims of hostile work environment sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. §§ 2000e to 2000e-17. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the entry of summary judgment in favor of Voith for substantially the reasons stated by the district court in the memorandum and order it entered on October 25, 2011.

"We review the district court's grant of summary judgment . . . de novo, applying the same legal standard as the district court." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Judgment as a matter of law is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof." *Shero*, 510 F.3d at 1200. In conducting this analysis, we "view[] all facts [and evidence] in the light most favorable to the party opposing summary judgment." *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008). Because Ms. Hearron is pro se, we also construe her filings liberally, but we do not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Applying these standards, we conclude that the district court properly granted summary judgment to Voith on Ms. Hearron's Title VII claims. First, Ms. Hearron's hostile work environment claim fails because she has no evidence showing severe or pervasive sexual harassment by her supervisor. As the district court explained:

> Here, plaintiff complains that on one occasion, her supervisor
> patted her buttocks and stated "you need a spanking and you're gonna

- 2 -

like it." She also complains that at some point, he was "overly friendly" and flirtatious and "shared his personal business" with her. These incidents, even if true, are insufficient to state a legally actionable claim under Title VII.

R., Vol. 2 at 44 (footnote omitted). We agree with the district court's analysis. While Ms. Hearron's supervisor's alleged conduct involved both unacceptable offensive touching and a harassing statement, the offensive conduct occurred on only one occasion, and it was not severe enough to support a hostile work environment claim. *See, e.g., Shepard v. Comptroller of Public Accounts*, 168 F.3d 871, 872-75 (5th Cir. 1999) (holding that several inappropriate comments and touching incidents involving a coworker were not severe enough to support a hostile work environment claim under Title VII).

Second, although Ms. Hearron established a prima facie case of retaliation based on her protected conduct of reporting alleged sexual harassment and her subsequent termination, *id.* at 45-46, Voith was also entitled to summary judgment on Ms. Hearron's retaliation claim. As the district court found, Voith proffered a legitimate, nondiscriminatory reason for terminating Ms. Hearron's employment (*i.e.*, excessive absenteeism), *id.* at 46, and she has insufficient evidence to show that the articulated reason was a mere pretext for retaliatory conduct, *id.* at 46-47.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

- 3 -