FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHAWN D. ALLEN,

       Plaintiff-Appellant,

v.

CORRECTIONS CORP. OF AMERICA,
a Private for Profit Corporation;
J. GARY; N. ARREDONDO;
Lt. PHILLIPS; C. BLAKE,

       Defendants-Appellees.

No. 12-1241
(D.C. No. 1:10-CV-01992-CMA-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Shawn D. Allen, a prisoner proceeding pro se, brought this civil rights

complaint against Corrections Corp. of America (CCA)--the owner of the Kit Carson

Correctional Center (KCCC) where he was formerly incarcerated--and against several

KCCC employees. He sought damages for alleged violations of his constitutional

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights. Both Mr. Allen and the defendants moved for summary judgment on his claims. A federal magistrate judge recommended that the defendants' motion for summary judgment be granted, and that Mr. Allen's motion be denied. The district court adopted the recommendation. Mr. Allen appeals from the district court's order granting summary judgment to the defendants. He also challenges certain procedural rulings by the district court.[1] We affirm.

## BACKGROUND

Mr. Allen's complaint charges that KCCC's Health Service Administrator, Jodi Gray, retaliated against Mr. Allen for threatening to sue her and for complaining about her conduct and the conduct of other officials at KCCC. Mr. Allen alleges that, after he informed Ms. Gray that he intended to sue her, she filed a retaliatory incident report charging him with making threats against her. He contends that his resulting conviction for threats to do bodily harm against her caused his security points to be raised and may have hindered his ability to receive parole and halfway-house consideration.

Similarly, Mr. Allen charges CCA employee Nancy Arredondo with retaliation after she responded to his complaints about her appearance and conduct by filing

---

[1]     On the same day he filed his notice of appeal, Mr. Allen filed a "Motion for Reconsideration." The district court later denied the motion for reconsideration, thus ripening his earlier-filed notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i). Mr. Allen did not file a notice of appeal from the denial of his motion for reconsideration, however, so that order is not before us for review. *See id.* at 4(a)(4)(B)(ii).

sexual harassment charges against him.  Mr. Allen asserts that his resulting conviction for sexual harassment has hindered his consideration for parole and halfway-house consideration.

Mr. Allen's claim against disciplinary hearing officer Lt. Phillips charges that Lt. Phillips failed to process two appeal forms that Mr. Allen submitted to him. Mr. Allen contends that Lt. Phillips' actions deprived him of due process and of his First Amendment right of access to the courts.[2]

## DISCUSSION

### 1.  Standard of Review

"We review the district court's summary judgment grant de novo."  *Gonzales v. City of Albuquerque*, 701 F.3d 1267, 1271 (10th Cir. 2012).  "Summary judgment is only appropriate if there is no dispute of material fact and the movant is entitled to judgment as a matter of law."  *Id.* (citing Fed. R. Civ. P. 56(a)).  "We view the summary judgment evidence in the light most favorable to the non-movant, applying the same standard as the district court."  *Id.* (internal quotation marks and ellipsis omitted).[3]

---

[2]     Mr. Allen's complaint also included a claim against CCA employee Colleen Blake.  He does not make any argument in his opening brief concerning the grant of summary judgment on this claim; accordingly, we do not consider that claim on appeal.

[3]     In adopting the magistrate judge's recommendation, the district court concluded that Mr. Allen had failed to "properly object to any part of the Recommendation because he fail[ed] to challenge any specific factual finding or legal conclusion."  R. at 384 (internal quotation marks and brackets omitted).  The

(continued)

- 3 -

## 2. First Amendment Retaliation Claim Against Jodi Gray

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted). In particular, officials may not retaliate against prisoners for filing administrative grievances. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). But "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144.

To establish a First Amendment retaliation claim, Mr. Allen must demonstrate three elements: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;

district court nevertheless exercised de novo review and adopted the magistrate judge's recommendation. Ordinarily, a conclusion that a party failed to adequately object to a magistrate judge's recommendation would trigger the application of our firm waiver rule, by which a party who fails to timely and adequately object to the magistrate judge's recommendation forfeits appellate review. However, the firm waiver rule is itself waivable or forfeitable. Thus, when an appellee fails to contest appellate review on firm waiver grounds, we may hear the appeal despite the appellant's failure in the district court to object to the magistrate judge's recommendation. *See Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008). Here, although echoing the district court's language concerning Mr. Allen's conclusory arguments, *see* Aplee. Br. at 5-6, the defendants never specifically evoke the firm waiver rule. We therefore will not rely on the rule as a basis for affirmance of the district court's summary-judgment disposition.

and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The district court resolved this claim on the third element. It noted that the language Mr. Allen used in his communications with Ms. Gray could easily be construed as threatening. Given this fact, the court reasoned, Mr. Allen failed to establish that "but for" her retaliatory motive, she would not have charged him with making threats. *See Peterson*, 149 F.3d at 1144 (stating that to establish retaliation claim, inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place" (internal quotation marks omitted)). We agree.

Mr. Allen argues that he only threatened to sue Ms. Gray, not to harm her physically. He focuses on what he has characterized as a "preposterous and unfortunate" statement in Ms. Gray's incident report. R. at 130. In the report, Ms. Gray cited his statement to her that he would "see if I can't squeeze you in between Brill and Northrup." *Id.* at 130, 146, 281. She said this statement made her afraid that "he was insinuating physical harm by possibly squeezing me." *Id.* at 281. Mr. Allen contends that his statement could not reasonably be interpreted to mean that he planned to *physically* squeeze Ms. Gray, particularly given its context: he wrote it beneath the caption of a lawsuit he had brought against "Warden Brill and Northrup," *id.* at 146.

Irrespective of the plausibility of Ms. Gray's interpretation of the phrase "squeeze you in," there was other threatening language in Mr. Allen's communications to her that formed the basis for her charge and his conviction. The disciplinary hearing officer cited and relied on these other remarks. He noted Mr. Allen's statement that: "You needn[']t be alarmed for I have not forgot[ten] you[.] Have no fear dear I have you in my sights." *Id.* at 137; *see also id.* at 145. He also noted Mr. Allen's statement that: "You can rest assured that I[']ll get to you before long." *Id.*; *see also id.* at 145.

Mr. Allen contends that he only meant by these statements that he would add Ms. Gray to his lawsuit. But nothing in these broadly menacing statements required her to interpret them so innocuously. Particularly given the penal context in which the statements were made, we agree with the district court that the statements could easily be construed to threaten something more ominous than Mr. Allen's intention to engage in constitutionally-protected activity.

We therefore affirm summary judgment as to this claim.

### 3. First Amendment Retaliation Claim Against Nancy Arredondo

It is undisputed that Mr. Allen sent a letter dated May 20, 2009, to Ms. Arredondo in which he offered "constructive criticism" about her clothing and behavior. R. at 171. Among other things, he advised her that "your continual choice to walk around a [men's] prison wearing skin tight white pants is an absolutely obvious attempt to draw sexual attention to yourself"; instructed her that "it would

- 6 -

behoove you to tone it down . . . to respect yourself as a woman so others might perceive you as a lady"; and informed her that "you are simply too old and overweight" to dress in such a sexually-provocative manner. *Id.* at 171-72.

The district court concluded that Mr. Allen's First Amendment claim failed as a matter of law because his comments to Ms. Arredondo did not constitute protected conduct. It noted that his "statements regarding [Ms.] Arredondo clearly included derogatory comments regarding her body or clothing and thus fell within the [Department of Corrections] regulations regarding sexual harassment." R. at 370-71. We agree.

Mr. Allen argues that the district court improperly focused on comments he made to Ms. Arredondo personally, while ignoring his attempts to be a "whistle blower, as it were," by "alerting staff [to] sexual misconduct by Arredondo." Aplt. Opening Br. at 10. He performed this alleged "whistle-blowing" by filing complaints or grievances about her appearance and behavior with her supervisor. Mr. Allen contends that by the time Ms. Arredondo filed her sexual harassment charge, she was retaliating against him not only for his letter to her but also for his complaints or grievances, which he contends were constitutionally protected.

This argument fails on the facts. Ms. Arredondo's sexual harassment charge was amply justified by the contents of the offensive letter alone. The letter was the only basis cited in the "Notice of Charge(s)," R. at 179, and the only basis on which Mr. Allen was disciplined. Even if his grievances or complaints to Ms. Arredondo's

- 7 -

supervisor were constitutionally protected, Mr. Allen has failed to show that but for an intent to retaliate *for them*, Ms. Arredondo would not have filed a sexual harassment charge against him based on his letter to her.[4]  His retaliation claim thus fails the substantial motivation (but-for) test.

**4. First Amendment "Access to Courts" Claim Against Lt. Phillips[5]**

Mr. Allen claims he filed administrative appeals of his convictions based on the Gray and Arredondo complaints.  He asserts that the appeals he filed were never processed.  He blames this on Lt. Phillips.

---

[4]  Mr. Allen finds it significant that after she received his letter, Ms. Arredondo did not immediately file a sexual harassment charge.  Instead, he alleges, she waited ten days, until June 1, 2009, to file her charge.  As it happened, this date was also one day after he filed a formal grievance against her.  From this timing, he infers that it was the (allegedly protected) grievance rather than the non-protected letter that motivated her retaliatory behavior.

There appears to be conflicting evidence about when Ms. Arredondo received the letter from Mr. Allen.  Although the charging document she filed indicates that she received the letter on May 27, 2009, R. at 179, Mr. Allen contends she had received, read, and commented on it to him no later than May 21, 2009.  He also claims he told her on that date he was going to file a grievance against her.  In either event, only a short period elapsed between the time she received the letter and the date on which she filed the sexual harassment charge.  It would be unreasonable to infer from such a short delay in filing that Ms. Arredondo had no intention of filing a charge based on the blatantly offensive letter, and only changed her mind after becoming aware that Mr. Allen had filed a grievance.

[5]  In his complaint, Mr. Allen charged Lt. Phillips both with denying him due process at hearings, and with denying him access to the courts.  In his appellate briefing, he only raises issues concerning his access-to-courts claim.  Accordingly, we consider only issues relating to that claim.

In his complaint, Mr. Allen contends that Lt. Phillips received and discarded his disciplinary appeals. This conduct allegedly deprived Mr. Allen of his right of access to the courts, because Mr. Allen could not maintain a court action to review his disciplinary convictions unless he could show he had exhausted his administrative remedies. The district court concluded that summary judgment was appropriate on this claim. It reasoned that Mr. Allen failed to establish that Lt. Phillips personally participated in the alleged unconstitutional conduct. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("A § 1983 claim requires personal involvement in the alleged constitutional violation." (internal quotation marks omitted)). In particular, he failed to show that Lt. Phillips ever even received the two appeals from his disciplinary convictions.

Mr. Allen argues that whether Lt. Phillips received the appeals presents a factual issue to be resolved by a jury. We conclude that the evidence is insufficient to create a genuine issue of material fact, for two reasons. First, there is no evidence that Lt. Phillips actually received the appeals. Second, even assuming there is a genuine factual issue concerning whether Lt. Phillips constructively received the appeals, Mr. Allen has failed to demonstrate that Lt. Phillips discarded the appeals.

**A. Actual Receipt of Appeals**

First, Mr. Allen has failed to show that Lt. Phillips *actually* received the alleged appeals. He admits that he did not provide the appeals personally to Lt. Phillips. In his complaint, which was verified under penalty of perjury, he stated:

- 9 -

"On June 17, 2009 I handed KCCC mail room staff 'Lamle' a sealed envelope with Phillips['] name written on it. Lamle says she'll put it in his box. I have no doubt she did." R. at 21. He further stated that on June 21, 2009, "I hand[ed] segregation 'Sgt. Meyers' a different appeal . . . too it was in a sealed envelope addressed to Phillips." *Id.* In the complaint, Mr. Allen does not explicitly state what he asked Sgt. Meyers to do with the sealed envelope. He did not name "Lamle" or "Sgt. Meyers" as defendants in this action.

At his deposition, Mr. Allen was asked whether he had any direct knowledge that Lt. Phillips ever received either of his appeals. He stated that he did not. *Id.* at 135. There is simply no evidence that Lt. Phillips actually received Mr. Allen's appeals.

### B. Constructive Receipt of Appeals

Mr. Allen appears to be asserting, however, that he should be deemed to have constructively lodged the appeals with Lt. Phillips by following customary procedures. He has repeatedly asserted that Lt. Phillips told him to file appeals with Lt. Phillips, and that he did all he was required to do by his handing the appeals addressed to Lt. Phillips to other officials at KCCC. *See, e.g., id.* at 258, 261, 271-72.

Claims of constructive receipt are important when a litigant wishes to show that he took some action to preserve his rights by providing required notice. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001)

(characterizing prisoner's petition delivered to prison officials to be forwarded to court clerk as "constructively filed" under prison mailbox rule at the moment delivery was made to the officials). Here, however, Mr. Allen is not merely attempting to prove he timely filed an appeal. He is seeking to hold Lt. Phillips personally liable for failing to process (in fact, deliberately discarding) his appeals. To make this claim, he needs to show that it was *Lt. Phillips* who discarded the appeals, and not others who had custody of them, for example, in the mailroom. This Mr. Allen has plainly failed to do.

The fact that the appeals were lost by someone at KCCC, even if true, is insufficient in and of itself to show that it was Lt. Phillips who lost them, and in particular that he did so deliberately. Mr. Allen himself implicitly recognized this fact when he stated in his complaint:

> It was not immediately clear to me who exactly all should be sued for this violation. I, however, addressed and sent both appeals to Lt. Phillips who was the disciplinary hearing officer. [If] he in fact forwarded them to KCCC warden as required then the warden too ought to be culpable. Due to said documents being sent to Phillips I elect to hold him legally responsible solely.

R. at 21 (emphasis added). Mr. Allen has assumed that Lt. Phillips discarded his appeal forms, without proof. His speculative assertions are insufficient to hold Lt. Phillips personally liable for the alleged deliberate destruction of Mr. Allen's appeal forms. We therefore affirm summary judgment in favor of Lt. Phillips.

### 5. Procedural Issues

Mr. Allen also complains about three of the district court's procedural rulings: (1) denial of his request for a copy of his complaint; (2) referral of his motion to recuse the magistrate judge to the magistrate judge himself for disposition; and (3) denial of his motion to compel discovery. None of these rulings requires reversal.

### A. Copy of Complaint

The magistrate judge denied Mr. Allen's request for a copy of his complaint to be provided at court expense, reasoning that he could obtain a copy from the court clerk by tendering the requisite copying fee. The magistrate judge also noted that he could obtain the copy contained in his box of legal papers by requesting his "legal box" from the Lincoln Parole Office, which obtained custody of them after Mr. Allen was allegedly excluded from a halfway house where he was residing. Mr. Allen appealed this order to the district court, arguing that he could not afford to pay the copying fee and that he had requested his legal papers from the parole office without success. The district court affirmed, reasoning that Mr. Allen had failed "to set forth any details concerning the efforts he made to obtain possession of his legal box" and that "the Court should not have to bear the costs of providing Plaintiff with documents . . . which he has not exercised good faith efforts to obtain." R. at 77. On appeal, Mr. Allen merely repeats his contentions that he was entitled to a copy of his complaint and that prison officials withheld his legal box. He does not attempt to

answer the district court's specific reasons for denying him a free copy of the complaint.  We therefore affirm the challenged order.

### B.  Recusal Motion

Mr. Allen failed to appeal to the district court from the magistrate judge's denial of his motion to recuse.  His attack on the disposition of the recusal motion fails for this reason alone.  *See, e.g.*, *SEC v. Merrill Scott & Assoc.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (noting that litigant's failure to file objections to magistrate judge's disposition of non-dispositive order "strips us of jurisdiction to review the challenged order").

### C.  Motion to Compel

Mr. Allen filed a motion to compel discovery, contending that defendants had refused to answer certain interrogatories and had denied him a plethora of documents and audio CDs of his disciplinary hearings.  The magistrate judge denied the motion, incorporating by reference the reasons provided in the defendants' response, and finding that the "Defendants have fully responded to the . . . Plaintiff's discovery requests."  R. at 303.  Mr. Allen objected, and the district court affirmed without further substantive analysis.

We review the district court's ruling on a motion to compel for an abuse of discretion.  *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005).  In his opening brief, Mr. Allen presents specific argument only about two of his discovery requests:  his request for recordings of his disciplinary hearings and his request for copies of KCCC's administrative regulations.  In their response to Mr. Allen's

motion to compel, defendants argued that the information he sought was available to him pursuant to DOC administrative regulations, and that he should seek the information through the procedures provided in these regulations. *See* R. at 301. Mr. Allen has failed to show that defendants' statement to this effect is false, and hence that the district court abused its discretion in denying his motion to compel.

## CONCLUSION

The judgment of the district court is affirmed. Mr. Allen's motion to proceed in forma pauperis is granted. We remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge