FILED
United States Court of Appeals
Tenth Circuit

May 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN DOUGLAS GREEN,

Plaintiff-Appellant,

v.

DARRELL SNYDER,

Defendant-Appellee.

No. 12-1366
(D.C. No. 1:10-CV-02669-WYD-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

Steven Douglas Green, a Colorado state prisoner proceeding pro se, appeals

from a summary judgment entered in favor of Darrell Snyder. He seeks to proceed

on appeal without prepayment of fees (in forma pauperis). *See* 28 U.S.C. § 1915(a)

& (b). We affirm the judgment and deny leave to proceed in forma pauperis.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

The parties are familiar with the facts, and the magistrate judge and the district court provided an exhaustive discussion of the evidence. Therefore, we recite only a short factual background to frame the issues on appeal. The facts are viewed in the light most favorable to Green as the party resisting summary judgment. *See E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 993 (10th Cir. 2012).

During the relevant events, Green was incarcerated at the Sterling Correctional Facility in Sterling, Colorado. In early 2010, Green sought to file a grievance against prison guard Wendy Brown for sexual harassment. He claimed Snyder, his prison case manager, delayed giving him a Step 1 grievance form. After he obtained the form and filed a Step 1 grievance, he asked Snyder for the necessary grievance form to proceed to Step 2. He asserted Snyder did not provide the requested Step 2 form and directed him to the library to obtain one. But the library turned out not to be the place to get the form, so he went back to Snyder, who then gave him the necessary form. The alleged delay caused a Step 2 filing to be untimely. Green submitted the form anyway.

Eventually Green filed this lawsuit, naming as defendants Brown, Snyder, and Sergeant Emrick, a supervisor. The matter was referred to a magistrate judge (MJ) who produced an initial report and recommendation (R&R). Acting on it on August 29, 2011, the district judge dismissed the claims against Emrick and the sexual

harassment[1] and other claims against Brown; all claims were dismissed for failure to state a plausible claim for relief.[2]  Green's claims against Snyder for interference with his right to petition for redress of his grievances and for retaliation proceeded to the summary judgment stage.  During those proceedings, Snyder submitted an affidavit explaining his earlier statement concerning when he had given Green the Step 1 grievance form:  the date of March 3, 2010, was in error, and the correct date was March 10, 2010 (3/10/10 instead of 3/3/10).[3]  Green moved to strike the affidavit as false and submitted in bad faith.  The MJ denied the motion to strike, commenting he would keep in mind the discrepancies when considering summary judgment.

Both parties moved for summary judgment.  In a second R&R the MJ construed Green's pleadings as stating two claims for relief against Snyder: (1) Snyder's deliberate mishandling of grievances violated his First Amendment right to petition the government for redress of grievances, and (2) Snyder retaliated against him by mishandling the grievances in an effort to discourage him from pursuing a

---

[1]      Green timely objected to the R&R.  Nevertheless, the district judge, in adopting the MJ's recommendation, decided Brown's conduct did not rise to the level of an Eighth Amendment violation and she was entitled to qualified immunity.

[2]      Green has not appealed from the dismissal of his complaints against Brown or Emrick.

[3]      Green has not made entirely clear why the change in dates mattered. Apparently the change was designed to refute his claim of intentional delay due to Snyder's refusal to process his grievance.  According to Green, he received the Step 1 grievance form on March 3 and submitted it on March 5, but it was not processed.  He says March 10 was the date on which Snyder processed several of Green's unrelated grievances, so Snyder was attempting to say the Brown grievance was among those.

claim against Brown, also in violation of his First Amendment rights.  On the first claim, he recommended summary judgment in Snyder's favor because Green had not suffered any constitutionally cognizable injury because his claims against Brown were fully adjudicated on the merits, not barred due to Green's failure to complete the prison grievance process.  He also recommended summary judgment in Snyder's favor on the retaliation claim, concluding Green could not meet the relevant criteria and therefore Snyder was entitled to qualified immunity.  Green timely objected to the MJ's recommendations, but did not include an objection to the recommendation concerning the right-of-court-access claim.  Accordingly the district judge only reviewed the recommendation on the retaliation claim.  Upon de novo review he agreed with the magistrate judge's assessment and, by order dated August 8, 2012, adopted the recommendation to enter summary judgment in favor of Snyder.

Green's appeal to us advances three issues:  (1) the district judge should have reviewed the MJ's order denying his motion to strike Snyder's affidavit; (2) "Snyder's actions alone caused [his] grievances to be denied on procedural errors," Aplt. Opening Br. at 3; and (3) Green's evidence of Snyder's retaliation was sufficient to prevent summary judgment.

## II.    DISCUSSION

"We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (internal quotation marks omitted).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We liberally construe Green's pro se filings. *See Ledbetter v. City of Topeka*,

318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the

responsibility of serving as the litigant's attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

### 1. Review of magistrate judge's order denying motion to strike affidavit

Green complains about the failure of the district judge to review the MJ's

minute order denying his motion to strike Snyder's affidavit. Although Green filed

an objection to this order, it was untimely. Pursuant to Fed. R. Civ. P. 72(a), an

objection to a nondispositive matter such as the MJ's minute order must be filed

within 14 days. The minute order was entered on May 2, 2012, and Green's

objection was filed on May 21, 2012, outside the 14-day deadline. Although his

certificate of mailing stated he mailed the objection on May 10, 2012, his certificate

of mailing does not comply with the prison mailbox rule, which provides that a pro se

prisoner's filing may be considered timely if given to prison officials for mailing

prior to the filing deadline. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir.

2005). The prison mailbox rule requires an inmate to allege and prove he used the

prison's legal mail system (if one is available), or to include a notarized statement or

a declaration under penalty of perjury of the date on which he gave the documents to

prison staff for mailing and attesting that postage was prepaid. *Id.* at 1166. Green's

certificate of mailing of his objection did not include any of these requirements so the

- 5 -

prison mailbox rule does not apply. Therefore, because "[a] party may not assign as error a defect in the [magistrate judge's] order not timely objected to," Fed. R. Civ. P. 72(a), we cannot address this claim.

## 2. Claim as to Snyder's delay in processing grievances

Green tells us "Snyder's actions alone caused [his] grievances to be denied on procedural errors," Aplt. Opening Br. at 3, but that cannot be. The district judge decided Green's claims against Brown on the merits (see footnotes 1 and 2, supra), rather than apply a procedural bar.[4] Because Brown was determined to be entitled to qualified immunity (and no appeal has been taken from that determination) any procedural error with respect to the claim against her matters not. *Cf. Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (an inmate must show actual injury in a denial-of-access claim). Green has sustained no constitutionally cognizable injury resulting from the claimed procedural error. The summary judgment was appropriate.

## 3. Retaliation

Green's claim that Snyder deliberately mishandled his grievances to discourage him from pursuing relief against Brown also fails. In *Shero v City of Grove*, we discussed the parameters of a retaliation claim, saying:

> Government retaliation against a plaintiff for exercising his or her First
> Amendment rights may be shown by proving the following elements:
> (1) that the plaintiff was engaged in constitutionally protected activity;
> (2) that the defendant's actions caused the plaintiff to <u>suffer an injury</u>

---

[4]      In fact, the defendants did not argue procedural bar.

that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. When the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for evaluating that chilling effect on speech is objective, rather than subjective[;] a trivial or de minimis injury will not support a retaliatory prosecution claim.

510 F.3d 1196, 1203 (10th Cir. 2007) (emphasis supplied) (citations, brackets, ellipsis, and internal quotation marks omitted). The same test applies in the prison context. *See Gee*, 627 F.3d at 1189.

A defendant is entitled to qualified immunity unless the plaintiff demonstrates the facts he has shown "make out a violation of constitutional right[, and] the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation and internal quotation marks omitted); *see id.* at 231 ("[Q]ualified immunity is an immunity from suit rather than a mere defense to liability." (internal quotation marks omitted)).

For purposes of resolving this claim, we assume filing grievances is constitutionally protected activity. Moving on, we struggle to identify any injury Green ultimately suffered because of the claimed delay in providing proper forms since no procedural bar was asserted by the defendants and his complaints against Brown were judicially determined. In run-of-the-mill cases bureaucratic bungling and delay, even if intentional, would not amount to retaliation. Certainly that is true here. Like the district court, we conclude Snyder's failure to provide the grievance forms in a timely fashion would not chill a person of ordinary firmness from

continuing to file grievances. And Green has proffered no evidence of Snyder's motivation to retaliate. The MJ concluded Snyder could not have known of Green's intention to file a grievance against Brown at the time he delayed producing the Step 1 grievance form. As for the Step 2 grievance, Snyder stated he did not know Brown, and she had already left her employment with the Sterling prison before Green filed a grievance about her conduct. Green has pointed to no facts of record casting doubt on those reasonable, if not obvious, conclusions. In this appeal, he suggests Snyder intended to retaliate because both he and Brown were prison employees, an argument we do not consider because it was raised for the first time on appeal. *See Curtis v. Chester*, 626 F.3d 540, 548 (10th Cir. 2010) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." (internal quotation marks omitted)). Even so, we fail to see how these circumstances demonstrate a retaliatory motive, particularly since Snyder did not know Brown. Any suggestion of institutional bias in favor of prison employees, if that is what Green intends, must be supported by facts, not supposition. Green has failed to show a genuine issue of material fact concerning violation of his First Amendment rights. Snyder was entitled to qualified immunity.

## III.   CONCLUSION

The judgment of the district court is affirmed. We deny Green's request to proceed on appeal in forma pauperis. The full amount of all filing and docketing fees is now due. Payment must be made to the clerk of the district court. If Green fails to

immediately pay the filing and docketing fees as required, our previous order requiring periodic payments remains in effect until the fees are fully paid.

Entered for the Court

Terrence L. O'Brien
Circuit Judge