FILED
United States Court of Appeals
Tenth Circuit

May 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LUCINDA B. MURDOCK,

        Plaintiff-Appellant,

v.

CITY OF WICHITA, KANSAS,

        Defendant-Appellee.

No. 12-3279
(D.C. No. 2:09-CV-02103-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Lucinda B. Murdock, proceeding pro se, appeals from the district court's

dismissal of her claims against her employer, the City of Wichita, Kansas (City), for

employment discrimination and retaliation. We have jurisdiction under 28 U.S.C.

§ 1291 and affirm.

The district court's dispositive orders fully and accurately recount the factual

and procedural background of this case, and we briefly summarize only the most

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

salient facts relevant to the claims Ms. Murdock raises on appeal. Ms. Murdock, a City bus driver for the disabled, was terminated in 2007 for telling a dispatcher several times, in reference to a blind, elderly woman passenger, that she was "about to knock her out," and to put the woman "on another route or there's going to be some mess." Aplt. App. Vol. II, at 204-05. After non-binding arbitration, she was reinstated in 2009.

Ms. Murdock's complaint alleged, in relevant part, that one of her supervisors, Brad Davis, sexually harassed her and that the City had discriminated against her in violation of Title VII of the Civil Rights Act of 1964, because she is an over-40, Christian, African-American woman. She also alleged that the City terminated her in retaliation for verbally complaining that Mr. Davis was sexually harassing her. Pursuant to Federal Rule of Civil Procedure 12(b), the district court dismissed Ms. Murdock's age discrimination claim for lack of jurisdiction, because she failed to exhaust her administrative remedies, and dismissed her religious discrimination claim for failure to state a plausible claim. The district court subsequently granted summary judgment on her remaining claims for race and gender discrimination, sexual harassment, and retaliation.

Ms. Murdock's race and gender discrimination claim was based in part on two remarks Howard Morris, another supervisor, made. First, during a dispute with her in 2000 concerning work assignments, he allegedly said to her, "do you want me to slap the hell out of you," and, second, during another discussion, used the phrase "you

people." Aplt. App. Vol. II, at 181-82. Ms. Murdock's discrimination claims were also based on a disparate treatment theory that, in contrast to her termination for threatening a passenger, a similarly-situated, white, male City employee was not fired for striking a passenger.

Ms. Murdock's sexual harassment claim was based on two comments Mr. Davis made about her appearance in 2000, and a similar remark in 2002. She alleged that he wanted to terminate her because he was jealous that she was dating a co-worker. In 2006, Ms. Murdock verbally complained to the City's equal employment opportunity officer that Mr. Davis was sexually harassing her. She claims the City terminated her in retaliation for that complaint.

The district court ruled that Ms. Murdock failed to establish a prima facie case of race or gender discrimination based on Mr. Morris's comments, which had nothing to do with race or gender and were insufficient to give rise to an inference of discrimination. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1151 (10th Cir. 2008) ("The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." (internal quotation marks omitted)). It also ruled that Ms. Murdock's theory of disparate treatment did not demonstrate that the City's reason for terminating her was pretext for discrimination because she failed to show the white male employee engaged in conduct of comparable seriousness as hers. *See McGowan v. City of Eufala*, 472 F.3d

- 3 -

736, 745 (10th Cir. 2006) (employees must have been subject to discipline for "conduct of comparable seriousness in order for their disparate treatment to be relevant." (internal quotation marks omitted)).  The undisputed evidence showed that the white male employee struck a passenger in self-defense only after a large, able-bodied male passenger first assaulted him, whereas Ms. Murdock was terminated for making violent threats against a blind, frail, 94-year old woman passenger who had only pushed Ms. Murdock's shoulder in a non-aggressive manner when Ms. Murdock refused to drop her off in her driveway rather than at the sidewalk.  And the court dismissed Ms. Murdock's wrongful termination claim because it was based only on her Title VII discrimination and retaliation claims.

The district court ruled that Ms. Murdock's sexual harassment claim was untimely because none of the comments Mr. Davis made in 2000 and 2002 occurred within the 300 days before she filed her complaint with the Equal Employment Opportunity Commission.  *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005) ("Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct. . . . Title VII is not intended to allow employees to dredge up old grievances; they must promptly report and take action on discriminatory acts when they occur.").  It further ruled that Ms. Murdock failed to establish a prima facie case of retaliation because her 2006 verbal complaint about Mr. Davis was more than a year before her termination and she offered no other evidence of causation.  *See Anderson v. Coors Brewing Co.*,

- 4 -

181 F.3d 1171, 1179 (10th Cir. 1999) (holding that gap of more than three months between the protected activity and the adverse action is too long a period, absent other evidence, to demonstrate the causal connection required to establish a prima facie case of retaliation).

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's grant of summary judgment . . . de novo, applying the same legal standard as the district court." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Because Ms. Murdock is pro se, we also construe her filings liberally, but we do not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Ms. Murdock contends on appeal that the district court erred in granting summary judgment to the City on her sexual harassment and race and gender discrimination claims and her retaliation claims.[1] She does not, however, articulate any factual or legal basis for alleging error by the district court. After a thorough

---

[1]    For the first time on appeal, Ms. Murdock argues that the City breached an arbitration contract when it reinstated her without back pay, because the arbitrator had recommended she be reinstated with back pay. "Absent extraordinary circumstances not present here, we do not address arguments raised for the first time on appeal." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1047 (10th Cir. 2005) (citation omitted). We note, however, that under the Memorandum of Agreement between the City and Ms. Murdock's union, the arbitrator could only make recommendations to the City Manager, whose decision was final and binding.

review, nothing in the parties' briefs or the appellate record persuades us that there was any error in the district court's analysis of Ms. Murdock's claims or in its orders.

Therefore, we affirm for substantially the reasons stated by the district court in its order dated March 30, 2011, dismissing some of Ms. Murdock's claims under Rule 12(b), *see* Aplt. App. Vol. II, at 16-26, and its order dated September 18, 2012, dismissing the remainder of her claims under Rule 56(a), *see id.* at 371-92.

Entered for the Court


Stephen H. Anderson
Circuit Judge