**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MURTAZA ALI,

     Plaintiff - Appellant,

v.

JUSTIN JONES, Director; ED EVANS,
Warden, Interim Director; ROBERT
PATTON, Director; MARK KNUTSON,
Director's Designee; JIM FARRIS,
Warden; TIFFANY POWELL, Warden's
Assistant; (FNU) TERRY, Kitchen
Supervisor; (FNU) FOX, Kitchen
Supervisor; MIKE DUNCAN, Unit
Manager; JOSH LEE, Lieutenant; JAY
DRAWBRIDGE, Chaplain; KELLY
CURRIE, Kitchen Supervisor; K.
SACKET, Mail Room Supervisor; LEO
BROWN, Chaplin; (FNU) DENTON,
Chief of Security , (FNU) JONES, Kitchen
Supervisor; (FNU) HADDOCK, Kitchen
Supervisor; JANET DOWLING, Warden;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

     Defendants – Appellees.

No. 17-6050
(D.C. No. 5:14-CV-01174-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

_____

Plaintiff-Appellant Murtaza Ali appeals from the district court's dismissal of various claims and defendants, including a grant of summary judgment in favor of three defendants. The parties are familiar with the facts so we need not restate them here other than to state that Mr. Ali claimed that defendants violated his civil rights by failing to provide a Halal diet and denying him access to a religious text, the Noble Quran, as well as retaliating against him. The district court adopted a series of reports and recommendations by the magistrate judge and entered judgment in favor of defendants. See Ali v. Drawbridge, No. CIV-14-1174-C, 2017 WL 401254 (W.D. Okla. Jan. 30, 2017); ECF No. 188. We affirm.

Mr. Ali claims that the district court erred in dismissing his Religious Land Use and Institutionalized Persons Act (RLUIPA) claims as moot because he is no longer incarcerated. "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody." Pfeil v. Lampert, 603 F. App'x 665, 668 (10th Cir. 2015). Once Mr. Ali was released from Oklahoma Department of Corrections custody, his RLUIPA claims became moot.

Mr. Ali argues that his First Amendment rights were violated by various defendants under 42 U.S.C. § 1983. Specifically, he claims that he was denied a

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

Halal diet and a copy of the Noble Quran, and he also claims that his cell was searched in retaliation for him being a Muslim.[1]

Mr. Ali has not marshaled facts tending to show that any defendants had any personal involvement in denying him a Halal diet, therefore he cannot maintain a § 1983 action against them. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Mr. Ali also argues that his right to freely exercise his religion was substantially burdened because he was not allowed a copy of the Noble Quran. But no such right was substantially burdened because the prison regulations relied upon to deny Mr. Ali a copy were rationally related to a valid penological interest. Moreover, Mr. Ali had alternative means by which to exercise his religion (several different translations of the Quran were available to him). See Turner v. Safley, 482 U.S. 78, 90–91 (1987).

Mr. Ali claims that his cell was raided and a copy of the Noble Quran taken from his cell in retaliation against him for being a Muslim. Mr. Ali has no Fourth amendment rights to privacy in his jail cell. Hudson v. Palmer, 468 U.S. 517, 525–26 (1984). Additionally, he was not allowed to have a copy of the Noble Quran and no facts support his claim of retaliation in these circumstances. See Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007) (discussing the elements of a retaliation claim).

---

[1] Mr. Ali also claims an Establishment Clause violation. Because he raises this issue for the first time on appeal, we will not consider it. McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 999 (10th Cir. 2002).

For his remaining claims, Mr. Ali has failed to persuade us of any legal errors of the district court. Thus, we affirm the district court for substantially the same reasons regarding: (1) dismissing the complaints against defendants Terry, Haddock, and Jones as untimely and for ineffective service (ECF No. 182); (2) dismissing Mr. Ali's third amended complaint (ECF No. 81); (3) the denial of Rule 56(d) motion (ECF No. 180, magistrate report and recommendation); (4) denial of motion for Martinez report (ECF No. 167); (5) denial of motion for appointment of counsel (ECF No. 80); and (6) dismissal of claims against defendant Fox for failure to exhaust administrative remedies (ECF No. 165, magistrate report and recommendation).

AFFIRMED. We DENY all pending motions including Mr. Ali's motion to proceed in forma pauperis.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge