**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JON MICHAEL GUY,

      Plaintiff - Appellant,

v.

ROBERT LAMPERT, Wyoming
Department of Corrections (WDOC)
Director; JEFFIE WIGGINS, Central
Services Division Administrator;
DONALD HARGETT, (former) Wyoming
Medium Correctional Institution (WMCI)
Warden; RUBY ZIEGLER, Wyoming
Honor Farm (WHF) Warden; ROBERT
HULTZ, Wyoming State Penitentiary
(WSP) Deputy Warden; ERIC STAIGER,
WMCI American Corrections Association
(ACA) Coordinator; CARRIE
CARUTHERS, Wyoming Honor Farm
(WHF) Security Captain; TIMOTHY
RYSELL, WDOC Security Threat Group
(STG) Investigative Captain; SETH
NORRIS, WMCI Captain; SHAWN
HOBSON, WSP Security Captain;
MICHAEL MCMANIS, WMCI
Lieutenant; DENNIS PHILLIPS, WMCI
Lieutenant; DAVE HENDRICKS, WMCI
Lieutenant; BRIAN CHURCH, WMCI
Sergeant; JEREMY LIRA, WMCI
Sergeant; BRENDON WALKER, WMCI
Sergeant; LANCE KENNEDY, WMCI
Grievance Manager; WMCI; JENNIFER
EMIGH, WMCI Officer; KEVIN
STENDER, WMCI Officer; DE
MARAMED, WMCI Officer; ZACHARY
MEHRENS, WMCI Officer; DANIEL
COOK, WMCI Officer; SCOTT LEEVER,
WMCI Case Team Leader (CTL); DREW

No. 18-8001
(D.C. No. 2:17-CV-00013-ABJ)
(D. Wyo.)

MURPHY, WMCI Laundry Supervisor;
MICHELLE BROOKS, WMCI Office
Support Specialist; JOHN DOE, Unknown
WDOC Employee, individually and in their
official capacity,

      Defendants - Appellees.

―――――――――――――――――――

**ORDER AND JUDGMENT***
―――――――――――――――――――

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
―――――――――――――――――――

Jon Michael Guy, a prisoner in the custody of the Wyoming Department of

Corrections (WDOC), appeals the dismissal of his pro se civil-rights action.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Guy filed this action under 42 U.S.C. § 1983, asserting claims for

unconstitutional retaliation, conspiracy, and discrimination against 25 WDOC

employees in their individual and official capacities. The defendants moved to

dismiss Guy's 94-page complaint on a variety of grounds, including failure to state a

claim and qualified immunity. Guy responded by filing a 155-page amended

---

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint expanding on his claims, and the defendants moved to dismiss on the same grounds.

Rather than responding to the second motion to dismiss, Guy sought leave to amend his complaint a second time. He attached a proposed amended complaint that purportedly cured the defects Defendants argued in their second motion to dismiss. The district court denied Guy leave to amend on multiple grounds, allowed Guy to respond to Defendants' motion to dismiss, and then granted the motion, dismissing Guy's individual-capacity claims with prejudice and his official-capacity claims without prejudice. Guy now appeals the district court's dismissal of his retaliation claims against certain defendants in their individual capacities and the decision to dismiss his individual-capacity claims with prejudice rather than without prejudice.

## DISCUSSION

### A. Retaliation claims

Guy claims that 14 defendants retaliated against him for exercising his First Amendment rights by filing false conduct-violation reports (CVRs) against him, wrongfully identifying him as an affiliate of a security-threat group, and denying his request to transfer to another WDOC facility. The district court dismissed these claims under Rule 12(b)(6), ruling that Guy's amended complaint failed to state a plausible claim for relief against each defendant and also failed to overcome the presumption of immunity that arises when the defense of qualified immunity is asserted. The district court provided several reasons supporting these conclusions,

3

but to affirm we need consider only one of them – Guy's failure to show retaliatory motive.

To state a claim for retaliation in violation of his First Amendment rights, and to defeat the defendants' claim to qualified immunity, Guy was required to plead facts sufficient to establish "that [each] defendant's adverse action was substantially motivated as a response to [Guy's] exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). This required Guy to "allege *specific facts*" showing that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted); *see Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." (internal quotation marks omitted)). The specific factual allegations must "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (ellipses and internal quotation marks omitted). Allegations that are merely "labels and conclusions" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Our review of the district court's dismissal is de novo; we accept as true all of Guy's well-pleaded factual allegations and view them in the light most favorable to him. *See SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014); *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010). Because Guy is proceeding pro se, we liberally

construe his complaint but do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The district court held that Guy's allegations were conclusory and not supported by specific facts linking the defendants' actions to retaliatory motive. Guy responds that his many conclusory statements are supported by factual allegations from which retaliatory motive can be reasonably inferred. He relies on his allegations that (1) he was continuously engaged in hundreds of constitutionally protected activities directed at WDOC in the three and a half years preceding this lawsuit;[1] (2) the defendants and other WDOC staff at his prison were aware of Guy's engagement in these protected activities and resented him for it; (3) at different points during this period he received seven false later-dismissed or overturned CVRs from seven different defendants, was falsely designated as an affiliate of a security-threat group by another set of defendants, and was denied a requested "courtesy move" to a higher security WDOC facility by one of the defendants, R. at 324; (4) the 14 defendants allegedly responsible for these actions knowingly violated WDOC policies and/or departed from normal procedures in taking these actions;

---

[1] Guy alleges his constitutionally protected activities during this period included but were not limited to submitting more than 200 grievances and 400 plus first- and second-level grievance appeals; filing nine lawsuits against different WDOC staff and two appeals; sending "several dozen (if not hundreds) of letters and complaints" to state and federal officials about the WDOC, R. at 211, ¶ 59; "making public records requests in profusion to WDOC," *id.* at 212, ¶ 72; and writing an op-ed piece criticizing the WDOC that was published in the local newspaper. We assume without deciding that Guy's right to engage in all of these alleged activities was protected by the First Amendment.

5

(5) in the nine years of incarceration before this period he had neither engaged in this level of constitutionally protected activities nor been subjected to this many CVRs or suffered the other allegedly adverse actions; and (6) the timing of these allegedly adverse actions was suspect because of their temporal proximity to his constitutionally protected activities.

On this last point, temporal proximity, we have consistently held that "temporal proximity between [protected activity] and the alleged retaliatory conduct, without more, does not allow for an inference of a retaliatory motive." *Trant v. Oklahoma*, 754 F.3d 1158, 1170 (10th Cir. 2014) (applying the same First Amendment test applicable here); *cf. Gee*, 627 F.3d at 1189 (holding retaliatory motive sufficiently pleaded through allegations that the defendants were aware of the plaintiff's protected activity, the plaintiff had complained about the defendants in the protected activity, and the adverse action was in close temporal proximity to the protected activity). And to show retaliatory motive, Guy has ultimately not pleaded much more than temporal proximity – a chore made exceptionally simple for him because almost every day he was exercising his right to file administrative or judicial pleadings. Guy's conclusory allegations that he was falsely accused in each of the CVRs and in his security-threat-group validation do not support a plausible inference. *See Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient" to establish retaliatory motive). To make a prisoner's claim of retaliation by a prison official plausible, it must be supported by (1) specific facts about

6

the adverse action taken against the prisoner to make it plausible that the action was not motivated by legitimate grounds and (2) specific facts showing why the particular official would be motivated to improperly harm the prisoner. We cannot find such specifics in the amended complaint, and certainly Plaintiff's briefs on appeal are fatally lacking in specifics.

## B. Dismissal with prejudice

Guy also challenges the district court's decision to dismiss his individual-capacity claims with prejudice rather than without prejudice. "[D]ismissal of a pro se complaint [with prejudice] for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee*, 627 F.3d at 1195 (internal quotation marks omitted). In this case the district court ruled that Guy could not prevail on the facts alleged and that it would be futile to give him an opportunity to amend.

On appeal Guy argues the district court should have conducted a detailed futility analysis, and asserts summarily that amendment was not futile because his proposed second amended complaint cured the deficiencies the defendants had complained of in his first amended complaint. Alternatively, he asserts that the counsel he temporarily retained would have filed an amended complaint that stated valid claims for relief. But Guy does not point to new allegations in his proposed second amended complaint that addressed the deficiencies in his first two complaints or explain how retained counsel would have stated valid claims.

7

Based on our de novo review, *see Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (reviewing futility determination de novo), we conclude that the three previously asserted claims—for retaliation, conspiracy, and denial of equal protection—included in the second amended complaint suffer from the same defects as their predecessors, because they again rest on conclusory allegations, unsupported by specific, relevant facts. With Guy having twice tried and failed to summon the facts necessary to state these claims, we see no reason for hope, much less optimism, that he could do better if given an additional opportunity to amend.

## CONCLUSION

The district court's judgment is **AFFIRMED**. Guy's Renewed Motion for Appointment of Appellate Counsel is **DENIED**. Further, we remind Guy that under the district court's order granting his request to proceed on appeal without prepayment of fees, he remains obligated to make partial payments towards his filing and docketing fees until they are paid in full.

Entered for the Court

Harris L Hartz
Circuit Judge

8